UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:12-CV-00292-FDW

| | |
|---|---|
| RAYMOND DENNIS CUCUMBER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security,[1] )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** comes now before the Court upon Plaintiff Raymond Dennis Cucumber's ("Plaintiff's") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, (Doc. No. 9) filed on February 11, 2013, and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment, (Doc. No. 12) filed on April 12, 2013. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Administrative Law Judge's ("ALJ's") decision is AFFIRMED.

## I. BACKGROUND

Plaintiff has a history of alcohol abuse, bipolar disorder, depression, and anxiety, all of which have been present prior to the alleged onset date of February 5, 2011. (Tr. 16). Plaintiff

---

[1] Then-Commissioner of Social Security Michael J. Astrue was the original named Defendant in this case. Carolyn W. Colvin became Acting Commissioner of Social Security in February 2013, and, accordingly, is now the named Defendant instead of now-former Commissioner Astrue.

underwent two hospitalizations in August and September of 2008, where alcohol abuse was a factor. Upon his discharge from the hospital in 2008, Plaintiff continued treatment via outpatient therapy, beginning in December 2008, at Parkway Behavioral Health ("Parkway"). At his initial assessment upon entering Parkway, he informed the center that he drank 12 beers a day. After receiving treatment, Plaintiff was discharged from Parkway in March 2009. Plaintiff then began treatment with October Road in March 2009. Treatment records dated from February 2010 showed that Plaintiff continued to drink between 3 to 15 beers a night most nights of the week. In April 2010, Plaintiff indicated he had cut back his alcohol consumption to 2 beers before he went to sleep at night. In July 2010, Plaintiff underwent a psychological evaluation with Deborah Barnett, Ph.D. ("Dr. Barnett") who saw Plaintiff at the request of the Disability Determination Service. Dr. Barnett diagnosed Plaintiff with "bipolar II disorder: not otherwise specified with psychotic features," "panic disorder with agoraphobia," and "alcohol abuse in sustained partial remission." (Tr. 492).

In January 2011, medical records indicate that Plaintiff was stable on his current medication regimen. (Tr. 521). In February 2011, Plaintiff indicated he was still stable on his medication regimen, his symptoms were in remission, he was drinking less, and felt "fantastic" and was being more outgoing. (Tr. 520). In March 2011, while one provider noted continued stability, and that Plaintiff had increased his drinking back to 6 beers per day, but was looking for part time employment, Plaintiff told another provider that same month that he was still drinking 12 beers a day. Plaintiff reported that he was trending towards mania in June 2011 and July 2011, and then in August 2011, Plaintiff went through detox at Neil Dobbins, and he underwent significant medication changes.

## II. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits on February 11, 2010 alleging a disability onset date of October 1, 2008. (Doc. No. 13). Plaintiff later amended the onset date to February 5, 2011. (Doc. 7-12). The claim was denied initially on April 12, 2010, and was denied upon reconsideration on July 28, 2010. Subsequently, on August 24, 2010, Plaintiff timely filed a written request for a hearing and Administrative Law Judge S.D. Schwartzberg ("the ALJ") held a video hearing on September 12, 2011. The ALJ considered opinion evidence from Mr. Stahlman, Plaintiff's treating nurse practitioner ("N.P. Stahlman"), Dr. Barnett, Jennifer Fulmer, Psy.D. (a State agency non-examining psychologist),[2] Brett Fox, Psy.D. (a State agency non-examining psychologist) and Dr. Hamrick, Ph.D. (a non-treating psychologist who reviewed the record and testified at trial). (Tr. 65, 78, 49-56).

On October 4, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 16, 2012. As such, the ALJ's decision of October 4, 2011 became the final decision of the Commissioner.

Plaintiff timely filed this action on September 19, 2012, and the parties' motions are now ripe for review pursuant to 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal

---

[2] As is standard under Social Security Administration protocol, these consultants consider all of the relevant evidence in the case record including the claimant's medical history, laboratory findings and recorded observations and then make their own disability assessment. SSR 96-8p.

standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)). This Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being 'more than a scintilla' and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345. This is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the Commissioner's final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### IV. DISCUSSION

#### A. There is Substantial Evidence Supporting the ALJ's Determination that Plaintiff's Alcohol Abuse was Material to the Determination of Disability.

When there is a finding of disability, along with medical evidence of drug abuse or alcoholism ("DAA"), the ALJ must determine whether DAA is a contributing factor material to

4

the disability determination. 20 C.F.R. § 404.1535(a). The pertinent inquiry is whether the claimant would still be disabled if he stopped using alcohol. 20 C.F.R. § 404.1535(b)(1). Thus, if after Plaintiff stopped using alcohol, he had remaining limitations that were not disabling, then alcohol would be considered to be a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(b)(2)(i). On the other hand, if after Plaintiff stopped using alcohol, his remaining limitations would still be great enough to be disabling, then alcohol would not be a contributing factor material to the determination of disability, and Plaintiff would be rendered disabled independent of his alcoholism. 20 C.F.R. § 404.1535(b)(2)(ii). Plaintiff bears the burden of "proving that [his] substance dependency is not a contributing factor material to [his] claimed disability." Phasoulas v. Astrue, 5:10-cv-63, 2011 WL 2447455, at *2-3 (W.D.N.C. May 18, 2011) (citing Estes v. Barnhart, 375 F.3d 722, 724-25 (8th Cir. 2002)).

Plaintiff argues that the ALJ erroneously concluded that alcohol dependence was material to the Plaintiff's disability. As described previously, the Court does not review a final decision of the Commissioner de novo. Schweiker, 795 F.2d at 345; King, 599 F.2d at 599; Blalock, 483 F.2d at 775. The Court's inquiry is limited to whether substantial evidence exists to support the ALJ's finding that alcohol dependence was material to Plaintiff. Perales, 402 U.S. at 401.

### 1. Expert Opinion

The record contains substantial evidence to find that Plaintiff failed to carry its burden of proving that Plaintiff would be disabled independent of his alcoholism. The ALJ's findings are supported by abundant evidence including the findings of three State agency non-examining psychologists (Dr. Fox, Dr. Fulmer and Dr. Hamrick). (Tr. 23). Each psychologist found that Plaintiff did not suffer from marked limitations in any of the four functional areas considered by

the Social Security Administration to determine severe mental disability.[3] (Tr. 50, 70, 83). Thus, they found that Plaintiff was not disabled. Furthermore, Dr. Hamrick testified that Plaintiff did not suffer from any marked limitations, even when Plaintiff was drinking, except during acute intoxication or acute withdrawal. (Tr. 54). He went on to note that "alcohol abuse" is the "primary condition" and until Plaintiff stops drinking, there is not a way to determine whether diagnoses of anxiety disorder and bipolar disorder are legitimate. (Tr. 53).

## 2. Plaintiff's Symptoms

The ALJ also considered evidence that Plaintiff's health improved when he reduced the amount of alcohol he drank. (Tr. 18.) As Plaintiff drank less, his symptoms seemed mostly in remission and his anxiety was well controlled. Id. Additionally, the ALJ relied on the accounts from both the Plaintiff and his friend regarding Plaintiff's mild limitations in daily living, moderate (less than marked) limitations in social functioning, and moderate limitations in concentration, persistence and pace. (Tr. 171-181). For example, Plaintiff reported that he could make meals, visit the library, ride the bus, clean his apartment, read, launder clothes, wash dishes, and perform personal care including dressing, bathing, caring for hair, shaving, feeding himself and using the toilet. Id. Plaintiff's friend also reported Plaintiff could count change, use a checkbook, read, and watch television. (Tr. 175-176). Each of these accounts provides substantial evidence that Plaintiff did not suffer from marked limitations in any of the four functional areas considered by the Social Security Administration.

The accounts of three psychologists, Plaintiff's friend, and Plaintiff himself, provide substantial evidence for the ALJ's finding that Plaintiff would not be disabled independent from

---

[3] In order to determine that a claimant's medically determinable impairment is "severe," the ALJ must find that the claimant satisfies at least two of the following: marked restriction of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation (temporary increases in symptoms), each of extended duration. 20 C.F.R. § 404.1420(d).

his alcoholism.

### B. ALJ's Evaluation of N.P. Stahlman's Opinion

Plaintiff argues that the ALJ failed to give proper weight to the opinion of N.P. Stahlman. Plaintiff claims that the ALJ failed to follow S.S.R. 6-3p because N.P. Stahlman was an "acceptable medical source," and the ALJ did not accept and give appropriate weight to his opinion. The rule in question, S.S.R. 6-3p, states that ALJs "<u>may</u> use evidence from 'other sources' such as nurse practitioners." (Emphasis added). It goes on to state that information from these sources "cannot establish the existence of a medically determinable impairment." <u>Id.</u> Thus, the ALJ was required to allocate less weight to N.P. Stahlman's opinion compared to that of "acceptable medical sources" such as doctors. <u>Id</u>.

Furthermore, even if N.P. Stahlman's opinions did carry the same weight as other experts, the ALJ would be entitled to make findings contrary to those of N.P. Stahlman, because the ALJ's findings were based on substantial evidence as described previously.

### C. ALJ's Analysis of Dr. Hamrick's Opinion

Plaintiff next argues that the ALJ gave inappropriate weight to the opinions of Dr. Hamrick. Plaintiff incorrectly asserts that the ALJ's conclusion that Plaintiff is not disabled, independent from alcohol abuse, was based solely on the opinion testimony of Dr. Hamrick. As described earlier, the ALJ made this determination based on testimony and documentation from three doctors, Plaintiff himself, and Plaintiff's friend.

Plaintiff disingenuously argues that Drs. Fulmer and Fox disagreed with Dr. Hamrick's assessment. Drs. Fulmer and Fox did not find medical evidence of disability due to alcohol abuse because these doctors found that Plaintiff was not disabled at all. Their opinions support both the ALJ's findings and Dr. Hamrick's opinion that if Plaintiff ceased abusing alcohol,

7

Plaintiff would not be disabled. As described earlier, this finding is supported by substantial evidence.

Plaintiff goes on to argue that the ALJ violated the instructions contained in SSA EM-96200, but does not provide any explanation or evidence to substantiate this claim. No apparent evidence supports this claim.

### D. The ALJ's Failure to Explicitly Reference the Prior Medicaid Decision.

The ALJ failed to explicitly reference the finding of disability by a State Hearing Officer of the State of North Carolina Department of Health and Human Services ("State Officer") on June 18, 2010. While decisions of another "government entity" are not binding, the disability determination of a state agency is entitled to consideration by the Commissioner. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). While the ALJ committed harmless error by not explicitly referencing this previous Medicaid decision, he considered all relevant evidence, including the evidence considered by the state officer.

This case is similar to that in Bradshaw v. Astrue, where this Court affirmed an ALJ's decision that failed to explicitly discuss a state Medicaid decision. No. 2:08-cv-033, 2011 WL 4344538, at *7 (W.D.N.C. Sept. 15, 2011). Because the ALJ thoroughly analyzed the available medical opinions, a more robust compliance with SSR 06-03p in explaining why the ALJ disagreed with the previous opinion would not have changed the ALJ's ultimate decision. Id. Similarly, the ALJ's failure to explicitly refer to the State Officer's finding is not reversible error in the present case.

### V. CONCLUSION

Based on the foregoing reasons, the Court finds the Commissioner's decision denying Plaintiff's claim for benefits, as made by the ALJ, was based on substantial evidence, and the

AJL applied the correct legal standards. Therefore, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the ALJ's decision is AFFIRMED. The Clerk's Office is directed to CLOSE THE CASE.

    IT IS SO ORDERED.

Signed: August 20, 2013

Frank D. Whitney
Chief United States District Judge